# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:11-cr-00378-SEP |
| AARON HASSAN JOHNSON | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are several motions filed *pro se* by Defendant Aaron Hassan Johnson: Motion to Run State and Federal Sentences Concurrent, Doc. [72], including a letter supplementing the motion,[1] Doc. [76], and a Motion to Proceed in Camera,[2] Doc. [77]. The Government has not responded to Johnson's motions, and the time to do so has passed. For the reasons set forth below, the motions are denied.

### BACKGROUND

On February 13, 2012, Johnson pled guilty to Interference with Interstate Commerce by Threats or Violence in violation of 18 U.S.C. §§ 2 and 1951(a) and Brandishing a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §§ 2 and 924(c)(1), arising from an armed robbery that occurred on August 2, 2010, in the City of St. Louis. Docs. [15], [46], [47]. Johnson and other individuals stole in excess of $6 million, an armored van, and firearms belonging to guards working at a business. Doc. [55] at 8. At the time of the armed robbery, Johnson had pending state court charges of 1st Degree Robbery, Armed Criminal Action, and Tampering with a Motor Vehicle. Docs. [55] at 14; [75] at 6. On October 3, 2011, Johnson was sentenced to 15 years in the Missouri Department of Corrections on those charges. *Id.*

On June 19, 2012, Johnson was sentenced in this Court by the Honorable Carol E. Jackson. Docs. [63], [75]. Judge Jackson considered whether to run the federal sentence

---

[1] Attached to the letter is a 40-page handwritten document entitled "Special Report on the Universal Mathematical Equation and the Organic Clocked Circuit," Doc. [76-1], offered as an example of how Johnson has used his time.

[2] Attached to the motion is a 29-page document titled "Truth Affidavit In the Nature of an Equitable Contract." Doc. [77].

1

concurrently or consecutively with the state court sentence. Doc. [75]. After considering all the relevant factors, Judge Jackson imposed an aggregate term of imprisonment of 171 months to run *consecutively* to the sentence imposed in state court. Docs. [63], [75] at 9-10. Judge Jackson explained that a consecutive sentence was appropriate because otherwise there would be no punishment for the state court charges that were pending at the time Johnson committed the armed robbery resulting in the federal charges. *Id.*

## DISCUSSION

### I. Motion to Run State and Federal Sentences Concurrent

The procedural basis of Johnson's motion is unclear but what he seeks is modification of his federal sentence to run concurrently to the state court sentence. Doc. [72]. He served 12 years and 7 months in the Missouri Department of Corrections before being released to federal custody, and he asks to be given credit toward his federal sentence for that time. *Id.* at 1. In support of his request, Johnson states he has served a substantial amount of time in custody and paid a "healthy debt to society." *Id.* He claims to be reformed and believes his sentence should be reconsidered in light of his actions during his incarceration.[3] *Id.* at 2. He notes that he has maintained contact with his daughter while incarcerated; that he has a patent pending that could provide him adequate means to pay restitution; that he has taken numerous classes; and that he spent much of his incarceration in the Missouri Department of Corrections on honor status. *Id.* at 5-6. He believes he should be "judged by his merit today." *Id.* at 6.

Ordinarily a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Limited exceptions to that rule are set forth in § 3582(c). Under § 3582(c)(1)(A), for example, compassionate release may be granted if, "after considering the factors set forth in section 3553(a) to the extent they are applicable," a court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4] 18 U.S.C. § 3582(c)(1)(A)(i). A prisoner may bring a compassionate release motion only after exhausting Bureau of Prisons administrative remedies. *United States v. Houck*, 2 F.4th 1082, 1083 (8th Cir.

---

[3] Johnson's complaints about the circumstances of his sentencings, Doc. [72] at 2-5, appear to be offered as background and not as a challenge to either sentence.

[4] A court may also grant a reduced sentence if the defendant is at least 70 years old and has served at least 30 years in prison. 18 U.S.C. § 3582(c)(1)(A)(ii). This does not apply to Johnson.

2

2021). "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *Id.* at 1083-84 (citing § 3582(c)(1)(A)).

Another exception to the finality of sentences arises when a defendant's sentencing range is lowered by a subsequent modification to the United States Sentencing Guidelines pursuant to 28 U.S.C. § 994(o). 18 U.S.C. § 3582(c)(2). Section 3582(c)(1)(B) also allows for modification as expressly permitted by statute or by Federal Rule of Criminal Procedure 35, which authorizes a court to correct an "arithmetical, technical, or other clear error" in a sentence within 14 days after sentencing.

Johnson's motion does not qualify him for any of the above exceptions. He does not assert that there was an error in his sentence, that a statute expressly permits the court to reduce his sentence, or that his sentencing range was subsequently lowered by the Sentencing Commission. As such, he is not eligible for a sentence modification under §§ 3582(c)(1)(B) or (c)(2). If Johnson's motion is for compassionate release, it is denied without prejudice, both because he offers no evidence that he has complied with the exhaustion requirement and because rehabilitation—though certainly commendable—is not, by itself, an "extraordinary and compelling reason" to modify a sentence. *See* 28 U.S.C. § 994(t); *United States v. Fine*, 982 F.3d 1117, 1119 (8th Cir. 2020). Because Johnson does not meet any of the criteria for modification of his term of imprisonment under § 3582(c), his motion is denied.

**II.     Motion to Proceed in Camera**

It is unclear what relief Johnson's Motion to Proceed in Camera, Doc. [77], seeks. The attached "Truth Affidavit" is also unclear. They appear to relate to the motion to modify the federal sentence but offer no relevant facts or legal authority. The motion is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Aaron Hassan Johnson's Pro Se Motion to Run State and Federal Sentences Concurrent, Docs. [72], [76], and Motion to Proceed in Camera, Doc. [77], are **DENIED**.

Dated this 10th day of January, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE